UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HARLAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OWENS, et al.,<br><br>　　　　　　Defendants. | No. 2:14-cv-2037 GEB KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 7, 2015, defendants filed a motion to dismiss. On October 24, 2014, the court advised plaintiff that motions to dismiss shall be briefed pursuant to Local Rule 230(l). (ECF No. 8.)

On February 11, 2015, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

1

1    The thirty day period has now expired and plaintiff has not responded to the court's order.

2    "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an
3    action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
4    1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a
5    court order the district court must weigh five factors including: '(1) the public's interest in
6    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
7    prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
8    and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting
9    Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
10   F.3d 52, 53 (9th Cir. 1995).

11   In determining to recommend that this action be dismissed, the court has considered the
12   five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal
13   of this action. The action has been pending for six months, and plaintiff has been released from
14   custody (ECF No. 18), yet failed to file a change of address form or file an opposition to
15   defendants' motion to dismiss. Plaintiff's failure to comply with the Local Rules and the court's
16   February 11, 2015 order suggests that he has abandoned this action and that further time spent by
17   the court thereon will consume scarce judicial resources in addressing litigation which plaintiff
18   demonstrates no intention to pursue.

19   Under the circumstances of this case, the third factor, prejudice to defendants from
20   plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the
21   motion prevents defendants from addressing plaintiff's substantive opposition, and would delay
22   resolution of this action, thereby causing defendants to incur additional time and expense.

23   The fifth factor also favors dismissal. The court has advised plaintiff of the requirements
24   under the Local Rules and granted ample additional time to oppose the pending motion, all to no
25   avail. The court finds no suitable alternative to dismissal of this action.

26   The fourth factor, public policy favoring disposition of cases on their merits, weighs
27   against dismissal of this action as a sanction. However, for the reasons set forth *supra*, the first,
28   second, third, and fifth factors strongly support dismissal. Under the circumstances of this case,

those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harl2037.nop.fr